UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHLEEN M. WHALEN,<br><br>        Plaintiff,<br><br>   v.<br><br>JOHN G. MCMULLEN, individually and not in his official capacity with the Washington State Patrol,<br><br>PATRICIA LASHWAY, ACTING SECRETARY, WASHINGTON DEPARTMENT OF SOCIAL & HEALTH SERVICES, in her official capacity,<br><br>        Defendants. | Civil Action No. 2:15-cv-01625-BJR<br><br>ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND GRANTING PLAINTIFF'S CROSS-MOTION TO COMPEL DISCOVERY |

**ORDER**

Defendants have moved for a protective order prohibiting Kathleen Whalen ("Plaintiff") from deposing defendant John McMullen and defendant Patricia Lashway's Rule 30(b)(6) designee, Duane French, until Plaintiff has obtained permission from the Social Security Administration ("SSA"). Defendants assert that 20 C.F.R. § 403.100 requires Plaintiff to obtain permission from SSA before deposing McMullen and French because they are SSA employees. However, § 403.100 does not apply to this proceeding. Having reviewed the briefing of the

1

parties together with the relevant files and authorities, the Court finds that Defendants have not shown good cause for a protective order, and their motion is denied. Plaintiff's cross-motion to compel the depositions of McMullen and French is granted. The Court's reasoning follows:

SSA regulation 20 C.F.R. § 403.100 provides that "an SSA employee can testify concerning any function of SSA or any information or record created or acquired by SSA as a result of the discharge of its official duties in any legal proceeding covered by this part only with prior authorization of the Commissioner." 20 C.F.R. § 403.100. An "employee" includes any person subject to the "jurisdiction [] or control of SSA," including "any person performing services for SSA under an agreement [] such as an officer or employee of a State agency involved in determining disability for SSA." *Id.* § 403.110(b)(1)(ii), (b)(2). The parties agree that both McMullen and French are employees for the purpose of this regulation by virtue of their work investigating potentially fraudulent disability claims. Dkt. 25, Defs.' Mot. for Prot. Order at 2; Dkt. 29, Pl.'s Resp. at 6. McMullen is a detective who investigates these claims at the request of Washington State Disability Determination Services, of which French is the director.

Despite the fact that McMullen and French are considered SSA employees for the purpose of § 403.100, the regulation's prohibition on employee testimony does not apply to this proceeding. Section 403.115(b)(2) states that § 403.100 "does not apply to requests for testimony in a legal proceeding to which SSA is a party." 20 C.F.R. § 403.115(b)(2). The same section states that, for the purpose of determining whether SSA is a party to a lawsuit, "'SSA' . . . includes the Commissioner and any employee acting in his or her official capacity." *Id.* Here, Patricia Lashway was sued in her official capacity as secretary of the Washington State

Department of Social and Health Services ("DSHS"),[1] which is a State agency that determines disability for SSA pursuant to 42 U.S.C. § 421(a)(1).  Dkt. 25, Defs.' Mot. for Prot. Order at 2. Lashway is "an officer . . . of a State agency involved in determining disability for SSA."  20 C.F.R. § 403.110(b)(2).  Therefore, Lashway is an employee of the SSA within the agency's own definition.  *Id.* § 403.110(b)(1)(ii), (b)(2).  Because Lashway was sued in her official capacity, SSA is a party to this suit pursuant to § 403.115(b).  Because SSA is a party to this suit under § 403.115(b), § 403.100's prohibition on employee testimony without prior permission from the SSA Commissioner does not apply to this proceeding.[2]

Defendants have not shown good cause for a protective order based on SSA regulations. *See* Fed. R. Civ. P. 26(c)(1).  Accordingly, Plaintiff's cross-motion to compel discovery is granted and the depositions of John McMullen and Duane French shall go forward.  *Id.* 26(c)(2).

Now, therefore, it is HEREBY ORDERED that:

(1) Defendants' Motion for Protective Order is DENIED;

(2) Plaintiff's Motion to Compel Discovery is GRANTED; and

(3) The parties shall meet and confer to schedule the depositions of John McMullen and Duane French.

Dated 27th day of September, 2016.

*[signature: Barbara J. Rothstein]*

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

---

[1] Kevin Quigley was initially named as a defendant to this lawsuit in his official capacity as secretary of DSHS. Dkt. 5, Pl.'s Compl.  After Quigley resigned, Patricia Lashway, in her official capacity as acting secretary of DSHS, was substituted as a defendant. Dkt. 19, Notice of Appearance by Def.'s Counsel at 1.

[2] The same reasoning set forth in this order applies to future deponents who are considered SSA employees within the meaning of 20 C.F.R. § 403.110(b)(1).